

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
_____ Miami _____ DIVISION
CASE NO.: 00 - 6118

ON-MOORE

NELSON TORRES, ON
BEHALF OF HIMSELF AND
SIMILARLY SITUATED EMPLOYEES,

O'SULLIVAN

     Plaintiffs,

vs.

RODMAR GROCERS, INC.,
a Florida Corporation, and
JORGE RIOS, Individually,

     Defendants.
_____/

## REPRESENTATIVE WAGE AND HOUR ACTION
## UNDER THE FAIR LABOR STANDARDS ACT

The representative wage and hour action of Nelson Torres, on behalf of himself and similarly situated employees of Rodmar Grocers, Inc. d/b/a Presidente Supermarket and Jorge Rios, and states as follows:

### STATUTES

1.    Plaintiff Nelson Torres brings this action under the Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. §201 *et seq.*, to recover unpaid wages, overtime wages, an additional equal amount as liquidated damages, judicial interest, costs of this litigation, and reasonable attorneys' fees.

## JURISDICTION

2.     This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 because this matter arises under the laws of the United States of America, specifically the Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA" or "the Act"). This Court has supplemental jurisdiction over any state law claims asserted herein.

## PARTIES PLAINTIFF

3.     Made Plaintiff herein is Nelson Torres ("Torres"), a person of full age of majority domiciled and residing in Broward County, Florida.

4.     At all times material hereto, Torres was an employee of Defendants, and frequently worked in excess of forty hours per week in the deli department and as a stock person.

5.     Pursuant to the provisions of 29 U.S.C. §216(b), Torres is proceeding for and on behalf of himself and similarly situated employees of Defendants.

6.     Torres anticipates that additional employees, both present and former, of Defendants, will file written consents pursuant to 29 U.S.C. §216(b) to join as party plaintiffs in this action.

## PARTIES DEFENDANT

7.     Made Defendant herein is Rodmar Grocers, Inc. d/b/a Presidente Supermarket, ("Rodmar"), a Florida corporation, authorized to do and doing business in Broward County, Florida.

8.     Made Defendant herein is Jorge Rios.

9.    At all times material hereto, Jorge Rios ("Rios") was the president of Rodmar, and managed and directed its activities, including the determination of the hours and proper wages of Rodmar's employees.

10.   Rodmar was and is an enterprise engaged in commerce pursuant to FLSA.

11.   Rodmar and Rios were Torres' and similarly situated employees' employers pursuant to the FLSA.

12.   At all relevant times, Rodmar and Rios, its agents, or employees, failed to ensure that Torres and similarly situated employees are/were properly compensated under the FLSA and are therefore liable for the unpaid wages pursuant to the FLSA.

13.   At all materials times, Defendants employed Torres and similarly situated employees in the deli department and as stockpersons.

### COUNT I

### FAIR LABOR STANDARDS ACT CLAIM
### AGAINST RODMAR GROCERS, INC. AND JORGE RIOS

The allegations contained in paragraphs 1 through 13 are reasserted and incorporated by reference herein.

14.   Pursuant to 29 U.S.C. §207, Defendants were required not to employ Torres and similarly situated employees for a work week longer than forty hours without paying compensation for their employment at rates not less than one and one-half rimes the employees' regular rates of pay.

15.   Torres and similarly situated employees, during their respective periods of employment, frequently worked in excess of forty hours in a work week.

16. Defendants failed to pay Torres and similarly situated employees overtime compensation when they worked more than forty hours per week.

17. From approximately June 1999 to October 1999, Defendants failed, without good faith, continually and as a continuing violation, knowingly and intentionally, to pay Torres and similarly situated employees during their respective periods of employment, overtime pay, in violation of 29 U.S.C. §207(a).

18. Pursuant to 29 U.S.C. §216(b), Torres and similarly situated employees are entitled to recover their unpaid compensation/wages, unpaid overtime compensation, interest, an additional amount equal as liquidated damages, and are entitled to other appropriate legal and equitable relief, all costs of these proceedings, judicial interest and attorneys' fees.

WHEREFORE, Nelson Torres and similarly situated employees of Rodmar Grocers, Inc. d/b/a Presidente Supermarket and Jorge Rios, request that this Court render judgment herein in Plaintiffs' favor and against Rodmar Grocers, Inc. d/b/a Presidente Supermarket and Jorge Rios, by:

a. Declaring, pursuant to 28 U.S.C. §§ 2102 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiffs' overtime compensation due them for hours worked by them for which they have not been properly compensated;

c. Awarding Plaintiffs' liquidated damages;

d.    Awarding Plaintiffs' reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.    Awarding Plaintiffs' post-judgment interest;

f.    Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

## RETALIATION

The allegations contained in paragraphs 1 through 13 are reasserted and incorporated by reference herein.

19.   On numerous occasions, Plaintiff Torres notified Defendants Rodmar and Rios of his requests for overtime compensation.

20.   Defendants Rodmar and Rios retaliated against Torres for making numerous requests for overtime compensation by ultimately terminating Torres' employment on or about October of 1999.

21.   Because Defendants Rodmar and Rios's adverse personnel actions were taken against Torres in retaliation for his having exercised his rights under the FLSA, Defendants Rodmar, Rios, and its agents and employees have violated Section 215(3) of the FLSA.

WHEREFORE, Plaintiff Nelson Torres respectfully requests that judgment be entered in his favor against Defendants Rodmar Grocers, Inc. d/b/a Presidente Supermarket and Jorge Rios, and :

a.    Declaring, pursuant Section 215(3) of the FLSA, that the acts and practices complained of herein are in violation of the FLSA.

5

b.    Awarding Plaintiff equitable relief including expungement of all negative and derogatory materials in his personnel file and performance evaluations together with an award of back pay, fringe benefits and loss of employment opportunities for future pay and advancement opportunities equal to an amount Plaintiff would have earned but for the retaliatory acts of Defendants Rodmar and Jorge Rios, its agents and employees.

c.    Awarding Plaintiff compensatory damages as a result of the unlawful retaliatory practices of Defendants Rodmar and Jorge Rios, its agents and employees.

d.    Awarding Plaintiff reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.    Awarding Plaintiff post-judgment interest;

f.    Ordering any and further relief this Court deems to be just and proper.

## JURY REQUEST

Plaintiffs request a trial by jury for all issues so triable.

Respectfully submitted,

George A. Lane, P.A.
Attorney for Plaintiffs
One East Broward Blvd.,Suite 1501
Fort Lauderdale, FL 33301
Tel:   (954) 522-0052
Fax:  (954) 523-1614

By: _____
George A. Lane
Fla. Bar No. 7242

6

# CIVIL COVER SHEET

00-6118-CIV-GRAHAM

MAGISTRATE JUDGE
O'SULLIVAN

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Nelson Torres on behalf of himself and similarly situated employees

**DEFENDANTS**
Rodmar Grocers, Inc., a Florida corporation and Jorge Rios, Individually

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME ADDRESS AND TELEPHONE NUMBER)
George A. Lone P.A. One E. Broward Blvd
#1501 Ft Laud FL 33301 (954) 522-0052

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | B☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15/0002f)
Representative wage and hour action for unpaid overtime compensation under Fair Labor Standards Act and retaliation under the FLSA.

LENGTH OF TRIAL via ____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE  1/19/2000

SIGNATURE OF ATTORNEY OF RECORD
[signature]  01-25-00

**FOR OFFICE USE ONLY**

RECEIPT # 518394   AMOUNT $150.00   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____