UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6118-CIV-MOORE

NELSON TORRES, on behalf of himself )
and similarly situated employees, )
)
Plaintiffs, )
v. )
)
RODMAR GROCERS, INC., a Florida )
corporation, and JORGE RIOS, individually )
)
Defendants. )
_____)



## DEFENDANTS' ANSWER AND STATEMENT
## OF DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, RODMAR GROCERS, INC. ("Rodmar"), and JORGE RIOS ("Rios"), by and through their undersigned counsel, hereby file their Answer and Statement of Defenses to Plaintiff's Complaint, and state as follows:

### STATUTES

1. In response to Paragraph 1 of Plaintiff's Complaint and the unnumbered Paragraph which precedes the same, Defendants admit that Plaintiff attempts to bring this matter on behalf of himself and similarly situated employees of Rodmar pursuant to the Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. §201 *et seq.*, to recover unpaid wages, overtime wages, an additional equal amount as liquidated damages, judicial interest, costs and reasonable attorneys' fees, but deny Plaintiff or anyone is entitled to such relief.

## JURISDICTION

2.  The allegations contained within Paragraph 2 of Plaintiff's Complaint call for a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations contained within Paragraph 2 of Plaintiff's Complaint.

## PARTIES PLAINTIFF

3.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4.  Defendants deny the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.  Defendants admit that Plaintiff is attempting to proceed for and on behalf of himself and similarly situated employees of Defendants, but deny that Plaintiff or anyone else is entitled to the relief sought herein.

6.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 6 of Plaintiff's Complaint.

## PARTIES DEFENDANT

7.  Defendants admit Rodmar, a Florida Corporation doing business as Presidente Supermarket #4, is authorized to do business in Broward County, Florida, but denies it violated any laws or is liable herein.

8.  Defendants admit Rios is made a Defendant, but denies he violated any laws or is liable herein.

9. Defendants admit Rios is the President of Rodmar and that, among other things, he manages and directs Rodmar, but denies the remaining allegations contained within Paragraph 9 of Plaintiff's Complaint.

10. The allegations contained within Paragraph 10 of Plaintiff's Complaint call for a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11. Defendants deny the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations contained within Paragraph 12 of Plaintiff's Complaint.

13. Defendants admit Rodmar employed Plaintiff, but deny the remaining allegations contained within Paragraph 13 of Plaintiff's Complaint.

### COUNT I
### FAIR LABOR STANDARDS ACT CLAIM
### AGAINST RODMAR GROCERS, INC., AND JORGE RIOS

14. In response to the unnumbered Paragraph which precedes Paragraph 14 of Plaintiff's Complaint, Defendants reassert and incorporate by reference herein their responses to Paragraphs 1 through 13. The allegations contained within Paragraph 14 of Plaintiff's Complaint call for a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations contained within Paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations contained within Paragraph 18 of Plaintiff's Complaint. In response to the unnumbered WHEREFORE clause which follows Paragraph 18 of Plaintiff's Complaint, Defendants admit Plaintiff seeks the relief enumerated in subparts (a) through (f), but deny Plaintiff, or anyone else, is entitled to any such relief.

## COUNT II
## RETALIATION

19. In response to the unnumbered Paragraph which precedes Paragraph 19 of Plaintiff's Complaint, Defendants reassert and incorporate by reference herein their responses to Paragraphs 1 through 13. Defendants deny the allegations contained within Paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations contained within Paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained within Paragraph 21 of Plaintiff's Complaint. In response to the unnumbered WHEREFORE clause which follows Paragraph 21 of Plaintiff's Complaint, Defendants admit Plaintiff seeks the relief enumerated in subparts a through f, but deny Plaintiff, or anyone else, is entitled to any such relief.

Defendants admit Plaintiff demands a trial by jury.

## STATEMENT OF DEFENSES

### First Defense

Plaintiff's claims are barred, in whole or in part, on the ground that, in the event violations of the Fair Labor Standards Act did occur, which they did not, Defendants' actions were taken in good faith and were neither willful nor reckless.

### Second Defense

Plaintiff's claims are barred by the doctrine of waiver, in that Plaintiff intentionally relinquished known rights relative to his claims.

### Third Defense

Plaintiff's claims are barred by the doctrine of estoppel and/or laches.

### Fourth Defense

Plaintiff's claims are barred on the grounds that, pursuant to 29 U.S.C. §§ 258(a) and 259(a), Defendant have, in good faith, acted in conformity with and in reliance upon written administrative regulations regarding the acts or omissions alleged in the Complaint.

### Fifth Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Sixth Defense

Plaintiff was a salaried employee on a fluctuating work week; therefore his damages, if any, must be computed in accordance with the fluctuating work week method of payment.

### Seventh Defense

Plaintiff is exempt from the overtime provisions of the Fair Labor Standards Act because he was employed in a bona fide administrative, executive or sales capacity, or performed a combination of exempt activities.

**WHEREFORE**, Defendants, RODMAR GROCERS and JORGE RIOS, respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff, NELSON TORRES, and that it grant all other appropriate relief.

DATED this 16th day of June 2000.

Respectfully submitted,

JACKSON, LEWIS, SCHNITZLER & KRUPMAN
First Union Financial Center, Suite 2600
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466
E-mail address: *deblasip@jacksonlewis.com*
E-mail address: *hernandm@jacksonlewis.com*

By: _____
Patrick G. DeBlasio, III, Esq.
Florida Bar No. 87173

Michael M. Hernandez
Florida Bar No. 2267

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent via U.S. mail to GEORGE A. LANE, ESQ., George A. Lane, P.A., One East Broward Boulevard, Suite 1501, Ft. Lauderdale, Florida 33301, on this 16th day of June 2000.

Michael M. Hernandez

C:\windows\TEMP\Answer Complaint.wpd